UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD SAVOY,

      Plaintiff,

v.                                                          Case No.  8:12-cv-1551-T-24 TGW

PASCO COUNTY SCHOOL BOARD,

      Defendant.

_____/

## ORDER

    This cause comes before the Court on Plaintiff's Motion for Remand.  (Doc. No. 3).
Defendant opposes the motion.  (Doc. No. 4).  As explained below, the motion is granted.

    In his original complaint, Plaintiff asserted a federal claim against Defendant, as well as
seven state law claims.  Defendant removed the case based on federal question jurisdiction.
Thereafter, Plaintiff amended the complaint and removed the federal claim.  Additionally,
Plaintiff filed the instant motion to remand, arguing that the Court no longer has federal question
jurisdiction.

    The Court rejects Plaintiff's argument that this Court now lacks subject matter
jurisdiction over this case, because the existence of subject matter jurisdiction is determined at
the time of removal.  See Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002).  At the
time of removal, Plaintiff asserted a federal claim against Defendant, and as a result, this Court
had subject matter jurisdiction then and continues to have it now.  See id.

    However, because Plaintiff is no longer asserting a federal claim, this Court has the
discretion in determining whether to exercise supplemental jurisdiction over the remaining state
law claims.  See id.  The Supreme Court has stated "that 'district courts [should] deal with cases

involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" City of Chicago v. International College of Surgeons, 522 U.S. 156, 173-74 (1997)(quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988)).

   After considering principles of economy, convenience, fairness, and comity, the Court concludes that remand is appropriate.  This case is in its very early stages, and this Court has not expended any judicial resources on it beyond ruling on the instant motion.  Furthermore, since only state law claims remain, principles of comity weigh in favor of remand.  While the Court should consider whether Plaintiff is attempting to engage in forum manipulation by dropping the federal claim, the Court concludes that he is not so engaging, given that state law claims predominated his original complaint.  Several other courts concluded that remand was appropriate when the plaintiff amended its complaint in the early stages of litigation after removal and only state law claims remained.  See Garcia v. Cullen, 2012 WL 1988131, at *3 (M.D. Fla. May 4, 2012), adopted by 2012 WL 1986623 (M.D. Fla. June 4, 2012); Wright v. Exxelot Corp., 2011 WL 4634152 (M.D. Fla. Oct. 6, 2011); BB&T Financial, FSB v. DeGeorge, 2011 WL 2433500, at *2 (M.D. Fla. April 11, 2011), adopted by 2011 WL 2413451 (M.D. Fla. June 14, 2011); Shelley v. City of Headland, 2009 WL 2171898 (M.D. Ala. July 21, 2009); Calcerrada v. Securitas Security Services, USA, Inc., 2008 WL 1925269, at *2-3 (M.D. Fla. April 29, 2008); Farrell v. G.M.A.C., 2008 WL 1766909, at *3 (M.D. Fla. April 15, 2008); Lake County v. NRG/Recovery Group, Inc., 144 F. Supp.2d 1316, 1320-21 (M.D. Fla. 2001).

   Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  Therefore, it is ORDERED AND ADJUDGED that Plaintiff's Motion for

Remand  (Doc. No. 3) is **GRANTED**.  The Clerk is directed to remand this case back to state court and then to close this case.

      **DONE AND ORDERED** at Tampa, Florida, this 31st day of July, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record